UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

DEVONTE JAQUEZ WARREN,

                Petitioner,

v.

KRISTOPHER TASKILA,

                Respondent.

_____/

Case No. 2:23-cv-80

Honorable Maarten Vermaat

## <u>OPINION</u>

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436–37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court will dismiss the petition without prejudice for failure to exhaust available state court remedies. The Court will also deny Petitioner's motion (ECF No. 2) to stay these proceedings and hold his habeas petition in abeyance.

**Discussion**

## I.      Factual Allegations

Petitioner Devonte Jaquez Warren is incarcerated with the Michigan Department of Corrections at the Baraga Correctional Facility (AMF) in Baraga, Baraga County, Michigan. Following a jury trial in the Kent County Circuit Court, Petitioner was convicted of first-degree murder, in violation of Mich. Comp. Laws § 750.316; conspiracy to commit first-degree murder, in violation of Mich. Comp. Laws §§ 750.316 & 750.157a; and possession of a firearm during the commission of a felony, in violation of Mich. Comp. Laws § 750.227b. *See People v. Warren*, No. 322455, 2015 WL 5314892, at \*1 (Mich. Ct. App. Sept. 10, 2015). The trial court sentenced Petitioner to life without parole for the murder and conspiracy convictions and two years' imprisonment for possession of a firearm during the commission of a felony. *See id.*

Petitioner appealed to the Michigan Court of Appeals, arguing that the "trial court abused its discretion by imposing a life sentence without the possibility of parole when he was less than 18 years old at the time of the offense." *See id.* at \*2. On September 10, 2015, the court of appeals vacated Petitioner's sentences for first-degree murder and conspiracy to commit first-degree murder and remanded the matter to the trial court for resentencing. *Id.* at \*1. Petitioner's application for leave to appeal to the Michigan Supreme Court was denied on March 8, 2016. *People v. Warren*, 875 N.W.2d 223 (Mich. 2016).

The trial court resentenced Petitioner on October 16, 2018. *See* Register of Actions, *People v. Warren*, Case No. 346432 (Mich. Ct. App.),       https://www.courts.michigan.gov/c/courts/coa/ case/346432 (last visited May 24, 2023). Petitioner appealed his new sentence to the court of appeals. During the course of that appeal, Petitioner filed a Standard 4 brief. In an order entered on January 15, 2020, the court of appeals granted Petitioner's motion to remand in part, remanding the matter to the trial court to hold "an evidentiary hearing regarding whether [Petitioner] was

2

denied the effective assistance of counsel based on counsel's failure to investigate his familial and social history." *See* Order, Register of Actions, *People v. Warren*, Case No. 346432 (Mich. Ct. App.) (Jan. 15, 2020), https://www.courts.michigan.gov/c/courts/coa/case/346432 (last visited May 24, 2023). The court of appeals denied Petitioner's motion to remand "as to all of the other claims of ineffective assistance raised by" Petitioner. *Id.* However, in an order entered on March 9, 2020, the court of appeals granted Petitioner's motion for reconsideration, granted Petitioner's supplemental motions to remand, and remanded the matter to the trial court "for an evidentiary hearing and decision whether [Petitioner] was denied the effective assistance of counsel." *See* Order, Register of Actions, *People v. Warren*, Case No. 346432 (Mich. Ct. App.) (Mar. 9, 2020), https://www.courts.michigan.gov/c/courts/coa/case/346432 (last visited May 24, 2023). The court of appeals retained jurisdiction pending proceedings in the trial court.

After holding an evidentiary hearing, the trial court entered a stipulation regarding a resolution and ordered that the MDOC prepare an updated presentence report so that the matter could be set for resentencing. *See id.* Ultimately, Petitioner was resentenced on April 20, 2022. (ECF No. 3, PageID.28.) Petitioner was sentenced to 28 to 60 years' incarceration for his murder and conspiracy convictions, to run consecutively to 2 years' incarceration for the firearm conviction. (*Id.*) On May 10, 2022, Petitioner, through counsel, filed a stipulation agreeing to the dismissal of Petitioner's appeal. *See* Register of Actions, *People v. Warren*, Case No. 346432 (Mich. Ct. App.), https://www.courts.michigan.gov/c/courts/coa/case/346432 (last visited May 24, 2023). In an order entered that same day, the court of appeals dismissed the appeal. *See* Order, Register of Actions, *People v. Warren*, Case No. 346432 (Mich. Ct. App.) (May 10, 2022), https://www.courts.michigan.gov/c/courts/coa/case/346432 (last visited May 24, 2023).

On April 24, 2023, Petitioner filed his habeas corpus petition, raising four grounds for relief, as follows:

I.     [Petitioner's] conviction should be reversed, as he was denied a fair trial due to the trial court's admission of unduly prejudicial and inadmissible evidence concerning other bad acts under MRE 404(b).

II.    [Petitioner] was denied his right of confrontation and a fair trial where prosecution witness Parham was not produced and the trial court allowed the prior testimony to be read to the jury as substantive evidence, contrary to [United States Constitution Amendments] VI [and] XIV[, and the Michigan Constitution of 1963], art. 1 § 20.

III.   Prosecutorial Misconduct: Prosecutor presented harmful evidence to [the] jury, [where] witness Parham's transcripts were read on record indicating [Petitioner] was the shooter [where] she already admitted to not knowing who actually shot the victim[,] Anthony Parham.

IV.    Ineffective assistance of counsel because: (1) trial counsel failed to request a limiting instruction on the 404(b) evidence; and (2) Anthony Parham['s] preliminary exams were read on record at trial due to the "no show" of Parham, who also wasn't presented on the prosecutor's witness list.

(Pet., ECF No.1, PageID.5–10.) Petitioner acknowledges that he has failed to exhaust his state court remedies with respect to his habeas claims because his appellate counsel only raised the "juvenile lifer issue" on appeal. (*Id.*)

## II.   Exhaustion of State Court Remedies

Before the Court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). Exhaustion requires a petitioner to "fairly present" federal claims so that state courts have a "fair opportunity" to apply controlling legal principles to the facts bearing upon a petitioner's constitutional claim. *Id.* at 844, 848; *see also Picard v. Connor*, 404 U.S. 270, 275–77 (1971); *Duncan v. Henry*, 513 U.S. 364, 365 (1995); *Anderson v. Harless*, 459 U.S. 4, 6 (1982). To fulfill the exhaustion requirement, a petitioner must have fairly presented his federal claims to all levels of the state appellate system, including the state's highest court. *O'Sullivan*, 526 U.S. at

4

845; *Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Hafley v. Sowders*, 902 F.2d 480, 483 (6th Cir. 1990). The district court can and must raise the exhaustion issue *sua sponte* when it clearly appears that habeas claims have not been presented to the state courts. *See Prather v. Rees*, 822 F.2d 1418, 1422 (6th Cir. 1987); *Allen*, 424 F.2d at 138–39.

Petitioner bears the burden of showing exhaustion. *See Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994). Petitioner acknowledges that his claims are unexhausted. Indeed, Petitioner has moved the Court to enter an order staying these proceedings and holding them in abeyance as contemplated in *Rhines v. Weber*, 544 U.S. 269, 277 (2007). (ECF No. 2.) Petitioner seeks a stay so that he can return to state court to file a motion for relief from judgment, pursuant to Michigan Court Rule 6.500, raising his claims. The special remedy set forth in *Rhines* became necessary because the habeas statute was amended to impose a one-year statute of limitations on habeas claims, *see* 28 U.S.C. § 2244(d)(1). Thus, dismissal without prejudice might effectively preclude future federal habeas review. This result was rendered more likely after the Supreme Court ruled in *Duncan v. Walker*, 533 U.S. 167, 181–82 (2001), that the limitations period is not tolled during the pendency of a federal habeas petition.

To avoid that result, the Sixth Circuit adopted a stay-and-abeyance procedure to be applied to such petitions. *See Palmer v. Carlton*, 276 F.3d 777, 781 (6th Cir. 2002). In *Palmer*, the Sixth Circuit held that when the dismissal of a petition that contains unexhausted claims could jeopardize the timeliness of a subsequent petition, the district court should dismiss only the unexhausted claims and stay further proceedings on the remaining portion until the petitioner has exhausted his claims in the state court. *Id.*; *see also Rhines*, 544 U.S. at 277 (approving stay-and-abeyance procedure); *Griffin v. Rogers*, 308 F.3d 647, 652 n.1 (6th Cir. 2002).

Petitioner's application is subject to the one-year statute of limitations provided in 28 U.S.C. § 2244(d)(1). Under that provision, the one-year limitations period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Petitioner was resentenced by the trial court on April 20, 2022. Petitioner had six months, until October 20, 2022, in which to file a delayed application for leave to appeal in the Michigan Court of Appeals. *See* Mich. Ct. R. 7.205(G)(3). Because Petitioner failed to do so, his convictions and sentences became final when his time for seeking review in the court of appeals expired. *See Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (holding that a defendant's conviction became final when the time for seeking review under Mich. Ct. R. 7.205(F)(3), the section that set the deadline prior to Mich. Ct. R. 7.205(G)(3), expired); *see also Gonzalez v. Thaler*, 565 U.S. 134, 152–53 (2012) (holding that because the Supreme Court can review only judgments of a state's highest court, where a petitioner fails to seek review in the state's highest court, the judgment becomes final when the petitioner's time for seeking state court review expires).

Petitioner's period of limitation commenced running after his judgment became final. The one-year period would expire on October 20, 2023. But the running of the statute of limitations is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The statute of limitations is tolled from the filing of an application for state post-conviction or other collateral relief until a decision is issued by the state supreme court. *Lawrence v. Florida*, 549 U.S. 327 (2007). The statute is not tolled during the time that a petitioner petitions for writ of certiorari in the United States Supreme Court. *Id.* at 332. Thus, so long as Petitioner's request for collateral review is pending, the time will not count against him. But, until he files his motion for relief from

judgment and after the Michigan Supreme Court rules on his application for leave to appeal to that court, the statute of limitations will run. The *Palmer* Court has indicated that thirty days is a reasonable amount of time for a petitioner to file a motion for post-conviction relief in state court, and another thirty days is a reasonable amount of time for a petitioner to return to federal court after he has exhausted his state court remedies. *Palmer*, 276 F.3d at 781; *see also Griffin*, 308 F.3d at 653 (holding that sixty days amounts to a mandatory period of equitable tolling under *Palmer*).

Petitioner has more than sixty days remaining in his limitations period. Assuming that Petitioner diligently pursues his state-court remedies and promptly returns to this Court after the Michigan Supreme Court issues its decision, he is not in danger of running afoul of the statute of limitations. Therefore, a stay of these proceedings is not warranted and the Court will deny Petitioner's motion (ECF No. 2) for that relief. Instead, the Court will simply dismiss the petition for failure to exhaust available state court remedies. Should Petitioner decide not to pursue his unexhausted claims in the state courts, he may file a new petition raising only exhausted claims at any time before the expiration of the limitations period.

## III.    Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must also determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.*

The Court has concluded that Petitioner's application is properly denied for lack of exhaustion. Under *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), when a habeas petition is denied

7

on procedural grounds, a certificate of appealability may issue only "when the prisoner shows, at least, [1] that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and [2] that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Both showings must be made to warrant the grant of a certificate. *Id*.

The Court finds that reasonable jurists could not find it debatable whether Petitioner's application should be dismissed for lack of exhaustion. Therefore, a certificate of appealability will be denied. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## Conclusion

The Court will enter an order and judgment dismissing the petition for failure to exhaust state court remedies, denying Petitioner's motion (ECF No. 2) to hold his habeas petition in abeyance, and denying a certificate of appealability.

Dated:    June 6, 2023                                    /s/ *Maarten Vermaat*

Maarten Vermaat
United States Magistrate Judge